JOHN N. McNICHOLAS, ESQ.
CA Bar No.: 138304
McNICHOLAS LAW OFFICE, LLC
1415 E. Elm Ave.
El Segundo, CA 90245
(310) 607-0381
(310) 607-9184 -  FAX
john@mcnicholaslawoffice.com
Attorney for Defendant,
MIGUEL MARTINEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MIGUEL MARTINEZ, et al.,<br><br>Defendant. | Case No. CR07-1172(A)-DDP-014<br><br>**DEFENDANT MARTINEZ'S MOTION FOR BILL OF PARTICULARS**<br><br>Date:  April 13, 2009<br>Time:  3:00 P.M. |
|---|---|

Defendant, MIGUEL MARTINEZ ("Mr. Martinez"), by and through his attorney of record, JOHN N. McNICHOLAS, Esq., hereby moves this Court to enter an Order requiring the Government to file a bill of particulars .   This motion is made and based on the attached memorandum of points and authorities, the papers and pleadings on file in this matter and on any hearing on this matter.

 DATED this 15th day of March, 2009.

                                               McNICHOLAS LAW OFFICE


                                               By_____/s/_____
                                               JOHN N. McNICHOLAS, ESQ.
                                               1415 East Elm Avenue
                                               El Segundo, CA 90245
                                               Attorney for Defendant,
                                               MIGUEL MARTINEZ

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF FACTS**

An initial indictment in this case, filed on or about October 18, 2007, charged nineteen defendants with participating in a conspiracy to distribute narcotics in violation of 21 U.S.C. §§846, 841(a)(1) and 841(b)(1)(A)(iii). A first superseding indictment was filed on November 15, 2007 and added one additional defendant. On January 15, 2008, Mr. Martinez (initially indicted as Antonio Diaz, a name he has never been known by), made his initial appearance and was arraigned on the first superseding indictment. He pled not guilty.

The First Superseding Indictment contains eight (8) counts of charges against the named defendants alleging conspiracy to possess and distribute crack cocaine; distribution; and, aiding and abetting. The thirty-six page Indictment, contains 159 paragraphs of allegations against the named defendants. However, of the eight (8) counts charged in the Indictment, Mr. Martinez (aka Diaz) is only named in Count 1 - Conspiracy to Possess with Intent to Distribute. Of the 159 paragraphs, Mr. Martinez's name is mentioned in only 12 of those paragraphs. In those 12 paragraphs, there are no alleged overt acts of conspiracy between Mr. Martinez and the other identified defendants or any agreement between Mr. Martinez and the other defendants. In other words, the Indictment is vague.

Several boxes of discovery, including both paper documents and CDs/DVDs, have been produced by the government.  Mr. Martinez is not identified in any of the produced discovery with the exception of the photo taken when he was arrested. It is unclear from the discovery, and from the pleadings, what role, if any, Mr. Martinez is alleged to have played in the conspiracy for which he is charged. Therefore, a clearer definition by the government of the allegations against Mr. Martinez and identification of the discovery to be used against him is necessary.

///

///

///

## II.

## ARGUMENT

### A. Legal Standard

The Sixth Amendment provides that "the accused shall enjoy the right to be informed of the nature and cause of the accusation" against him. *U.S. Const., Amend. VI*. Indictments that fail to provide defendants with enough information to prepare for trial have long been criticized on constitutional grounds. *See., e.g. United States v. Simmons*, 96 U.S. 360, 362 (1877). ("[T]he accused must be apprised by the indictment with reasonable certainty, of the nature of the accusation against him...").

Where the indictment is vague, a defendant may move for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f): "The court may direct the government to file a bill of particulars . The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits." Since the rules were amended in 1966, courts have encouraged to take a "more liberal attitude" in granting bills of particulars. *Fed.R.Crim.P 7(f)*, *Advisory Committee's Notes.* In keeping with the spirit of the 1966 amendment, courts have stated that the defense should "be given the benefit of the doubt in grey areas." *United States v. Thevis*, 474 F.Supp. 117, 124 (N.D. Ga. 1979), *aff'd*, 665 F.2d 616 (5th Cir. 1982).

A bill of particulars serves three purposes: "to apprise defendants of the charges presented to minimize the danger of surprise at trial, to aid in trial preparation, and to protect against double jeopardy." *United States v. Orozco*, 108 F.R.D. 313, 318 (S.D. Cal.1985)(*citing, United States v. Burt*, 765 F.2d 1364, 1367 (9th Cir. 1985); *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983); *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979)). Bills of particulars are routinely granted where there is a danger of unfair surprise at trial. *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991)("The standard is whether the government's indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial."); *United States v. Bortnovsky*, 920 F.2d 572 (2nd Cir. 1987))("[W]e find that the district court erred by failing to grant a bill of particulars which was vital to appellants' understanding

1  of the charges pending and to the preparation of a defense..."); *United States v. Daniels*, 159
2  F.Supp.2d 1297-98 (D.Kan.2001)(ordering bill of particulars regarding, *inter alia*, manner in
3  which offense was allegedly committed.).
4       A bill of particulars is especially appropriate where an indictment includes vague
5  allegations involving complex facts and multiple defendants and criminal acts. *See Orozco*, 108
6  F.R.D. at 319 ("Due to the grand scale of this case, which involves a large number of
7  conspiratorial actors and criminal acts, there is a great potential for surprise at trial. The court
8  orders the government to provide a bill of particulars..."); *Bailey*, 689 F.Supp. at 1473-74
9  (ordering bill of particulars where defendant would otherwise "waste valuable time and money
10 preparing a defense to a number of different methods of proof available to the Government");
11 *see also Russell v. United States*, 369 U.S. 749, 765 (1967)(where definition of offense
12 includes "generic terms, it is not sufficient that the indictment shall charge the offense in the
13 same generic terms as in the definition, but it must state the species, it must descend to
14 particulars"); *United States v. Davidoff*, 845 F.2d 1151 (2nd Cir. 1988) (reversing conviction
15 where defendant was not provided with information need to prepare for trial); *United States v.*
16 *Salazari*, 485 F.2d 1272, 1277 (2nd Cir. 1973) ("A bill of particulars is normally ordered by a
17 trial judge...to supplement an indictment case in general terms.").
18      In certain circumstances, discovery may "obviate the need for a bill of particulars."
19 *Long,* 706 F.2d at 1054. However, courts often order the government to provide a bill of
20 particulars in addition to full discovery where defendants would be forced to sift through large
21 volumes of discovery and "engage in guesswork" about the proof they must meet at trial. *See*
22 *Bortnovsky*, 820 F.2d at 575 (bill of particulars not avoided "merely by providing mountains of
23 documents to defense counsel who were left unguided"); *United States v. Standard Oil of Cal.,*
24 7 F.R.D. 338, 341 (S.D. Cal. 1947) (ordering bill of particulars even where defendants had
25 possession of relevant documents. "It is no solution to rely solely on the quantity of information
26 disclosed by the government; sometimes the large volume of material disclosed is precisely
27 what necessitates a bill of particulars." *United States v. Bin Laden*, 92 F.Supp.2d 225, 234
28 (S.D.N.Y. 2000).

The indictment includes sweeping allegations of acts taking place over two years. The conspiracy alleged in Count One is massive and includes all defendants and others, know and unknown. The discovery in this case is voluminous and includes hundreds of conversations recorded by way of wiretaps, body wires or other recording devices utilized by investigators, undercover officers and confidential informants. Considering the voluminous discovery and the relatively limited culpability of Mr. Martinez, a bill of particulars is therefore necessary in this case to notify him of the particular facts for which he must answer in court.

### B. The Particulars Requested.

#### 1. Count One of the Indictment

##### a. Identify Co-Conspirators

The government should be ordered to provide defendants with the names of all persons the government will claim at trial were co-conspirators. *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979) ("A bill of particulars is a proper procedure for discovering the names of unindicted co-conspirators who the government plans to use as witnesses."). *Cf. United States v. Discesare,* 765 F.2d 890, 897-98 (9th Cir. 1985), *amended by* 777 F.2d 543 (9th Cir. 1985) bill of particulars denied to obtain the names of "unknown conspirators").

##### b. Basis of Allegation for Single Conspiracy

The indictment fails to allege with any degree of specificity the evidence which demonstrates that each of the defendants knowingly joined and participated in a single conspiracy with commonly shared objectives. It does not explain the ties that bound the various defendants to a legally cognizable conspiracy.

The Government should be ordered to explain the basis for its allegation in the indictment that the defendants engaged in a single, unified conspiracy. Specifically, the Government should furnish particulars regarding its claim that there was a single agreement among the defendants to perform various functions to achieve the objectives of the conspiracy. *See United States v. Duran*, 189 F.3d 1071, 1080 (9th Cir. 1999) ("a single conspiracy can only be demonstrated by proof that an overall agreement existed among the conspirators"). *See United States v. Bibbero*, 749 F.2d 581, 587 (9th Cir. 1984); *United States v. Arbelaez*, 719

1   F.2d 1453, 1457 (9th Cir. 1983).

2       The Government should also be ordered to furnish particulars concerning its evidence, if
3   any, that Mr. Martinez knew of, and actively participated in, the overall conspiracy alleged in
4   Count One of the Indictment.

### III

### CONCLUSION

7       Based upon the foregoing, defendant MIGUEL MARTINEZ respectfully requests that this
8   Honorable Court order the Government to file a bill of particulars to notify him of the particular
9   facts for which he must answer in Court..

10       DATED this 15th day of March, 2009.

                                                      McNICHOLAS LAW OFFICE

                                                      By     /s/
                                                      JOHN N. McNICHOLAS, ESQ.
                                                      1415 East Elm Avenue
                                                      El Segundo, CA 90245
                                                      Attorney for Defendant,
                                                      MIGUEL MARTINEZ