JOHN N. McNICHOLAS, ESQ.
STATE BAR #138304
McNicholas Law Office, LLC
1415 East Elm Avenue
El Segundo, CA 90245
(310) 607-0381
(310) 607-9184 - FAX
john@mcnicholaslawoffice.com
Attorney for MIGUEL MARTINEZ

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MIGUEL MARTINEZ, et. al,<br><br>    Defendant. | Case No. CR 07-01172(A)-DDP-014<br><br>**DEFENDANT'S MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**<br><br>Date:   4/13/2009<br>Time:   3:00 p.m. |

COMES NOW Defendant, MIGUEL MARTINEZ, by and through his counsel, JOHN

N. McNICHOLAS, who respectfully submits his motion for all discovery listed below that is in

the custody, control, care or knowledge of any "closely related investigative [or other]

agencies" pursuant to *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989), and the discovery

of which the government's attorney may become aware through the exercise of due diligence.

This motion is made and based on the attached Memorandum of Points and Authorities,

the papers and pleadings on file herein and any oral argument that may be heard by this Court.

Dated this 19th day of March, 2009.

McNICHOLAS LAW OFFICE, LLC

By: _____/s/_____
John N. McNicholas, Esq.
1415 E. Elm Ave.
El Segundo, CA 90245
(310) 607-0381
Attorney for Miguel Martinez

1

**TABLE OF CONTENTS**

2

3   I.   REQUESTED DISCOVERY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

4   II.   LEGAL ARGUMENT. . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

5   A.   Government Has An Obligation To Disclose All Exculpatory
         Evidence Whether Or Not The Information Is In Its Possession. . . . . . .   9
6
7   B.   The Constitution Requires Disclosure of Favorable Evidence Including
         Information Regarding Witnesses To Be Used Against The Defendant. .   10

8   C.   This Court Should Order The Government To Reveal The Identity Of
         The Confidential Informants And To Disclose To The Defense Counsel
9        Other Pertinent Information Regarding The Informant.. . . . . . . . . . . . .   12

10       1.   If the Informant was a percipient witness to, or actively
              participated in, the negotiations and transactions leading to the
11            commission of the alleged crime, the identity of the informant
              must be revealed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13
12
13       2.   The government must produce the confidential informant prior
              to trial for defense counsel's interview of the informant. . . . . . .   13

14       3.   *In Camera* Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

15       4.   Mr. Martinez is entitled to information regarding the
              confidential informant. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15
16
17   D.   Government Is Obliged To Produce To The Defense Grand Jury
         Testimony/Materials. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

18   III.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

19

20

21

22

23

24

25

26

27

28

i

# TABLE OF AUTHORITIES

**STATUTES**

18 U.S.C. §3500. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,15

**CASES**

*Alford v. U.S.*, 282 U.S. 687 (1931) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Berger v. U.S.*, 295 U.S. 78 (1935) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Brady v. Maryland*, 373 U.S. 83 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,6,7, 10,11,15

*Callahan v. United States*, 371 F.2d 658 (9th Cir. 1967) . . . . . . . . . . . . . . . . . . . . . 14

*Campbell v. United States*, 373 U.S. 487 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Chavis v. North Carolina,* 637 F.2d 213 (4th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . 7,8

*Davis v. Alaska,* 415 U.S. 308 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,10

*Dennis v. U.S.,* 384 U.S. 855 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12,15

*Douglas Oil Co.  v. Petrol Stops Northwest,* 441 U.S. 211 (1979). . . . . . . . . . . . . . 16

*Giglio v. United States*, 405 U.S. 150 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,6,10,12

*Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Johnson v. Brewer*, 521 F.2d 556 (8th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Jones v. Jago*, 575 F.2d 1164 (6th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Kentucky v. Stincer*, 482 U.S. 730 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Kyles v. Whitley*, 514 U.S. 419 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,10

*Lopez-Hernandez v. United States*, 394 F.2d 820 (9th Cir. 1968) . . . . . . . . . . . . . . . . 13

*Pennsylvania v. Ritchie*, 480 U.S. 39 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Pitchess v. Superior Court*, 11 Cal.3d 531 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Pittsburg Plate Glass Co. v. U.S.*, 360 U.S. 395 (1959). . . . . . . . . . . . . . . . . . . . . . . 16

*Rovario v. United States*, 353 U.S. 52 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,12

*Territory of Guam v. Dela Rosa*, 664 F.2d 1257 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . 4,5

ii

1  *Thomas v. United States*, 343 F.2d 49 (9th Cir. 1965) . . . . . . . . . . . . . . . . . . . . . . . . .   7

2  *United States v. Agurs*, 427 U.S. 97 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1,3,10

3  *United States v. Alvarez-Lopez*, 559 F.2d 1155 (9th Cir. 1977) . . . . . . . . . . . . . . . . . .   4,5

4  *United States v. Anderson*, 509 F.2d 724 (9th Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . .   14

5  *United States v. Bagely,* 437 U.S. 607 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3,5,10

6  *United States v. Bay*, 731 F.2d 1361 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

7  *United States v. Bailleux*, 685 F.2d 1105 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . .   8

8  *United States v. Bernal-Obeso*, 989 F.2d 331 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . .   3

9  *United States v. Bernard*, 625 F.2d 854 (9th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . .   5

10  *United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . .   6

11  *United States v. Budzanoski,* 462 F.2d 443 (3rd Cir. 1972) . . . . . . . . . . . . . . . . . . . . . .   17

12  *United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . .   8

13  *United States v. Chitty,* 760 F.2d 425 (2d Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

14  *United States v. Fischbach and Moore, Inc.,* 776 F.2d 839 (9th Cir. 1985) . . . . . . . . . . .   16

15  *United States v. Garza,* 574 F.2d 298 (5th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . .   5

16  *United States v. Goldberg,* 582 F.2d 483 (9th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . .   11

17  *United States v. Haggett*, 438 F.2d 396 (2d Cir. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . .   5

18  *United States v. Hart*, 546 F.2d 798 (9th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

19  *United States v. Henderson*, 241 F.3d 638 (9th Cir.2000) . . . . . . . . . . . . . . . . . . . . . . . .   14

20  *United States v. Henthorn*, 941 F.2d 29 (9th Cir.1991) . . . . . . . . . . . . . . . . . . . . . . . . .   4

21  *United States v. Hernandez*, 608 F.2d 741 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . .   13-14

22  *United States v. Holmes*, 229 F.3d 782 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . .   4,5

23  *United States v. Lehman*, 792 F.2d 899 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . .   11

24  *United States v. Mayer,* 556 F.2d 245 (5th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . .   5

25  *United States v. Montgomery*, 988 F.2d 1248 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . .   13

26  *United States v. Napue*, 834 F.2d 1131 (7th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . .   7

27  *United States v. Orondez*, 722 F.2d 530 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . .   14

28  *United States v. Rawlinson*, 487 F.2d 5 (9th Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . . . .   14

1  *United States v. Shaffer*, 789 F.2d 682 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . .  5

2  *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . .  7

3  *United States v. Sudikoff*, 36 F.Supp.2d 1196 (C.D. CA. 1999) . . . . . . . . . . . . . . . . .  12

4  *United States v. Sutton*, 542 F.2d 1239 (8th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . .  5

5  *United States v. Tucker*, 716 F.2d 576 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . .  7

6  *United States v. Walczak*, 783 F.2d 852 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . .  16

7  *United States v. Weiss*, 930 F.2d 185 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

8  *U.S. ex rel. Meers v. Wilkins*, 326 F.2d 135 (2d Cir. 1964) . . . . . . . . . . . . . . . . . . . . . .  12

9  *United States Industries v. U.S. District Court*, 345 F.2d 18 (9th Cir. 1965). . . . . . . . . . .  16

10  *Velarede-Villarreal v. United States*, 354 F.2d 9 (9th Cir. 1965). . . . . . . . . . . . . . . . . .  13

11  *Washington v. Texas*, 388 U.S. 14 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

12

13  **RULES**

14  Federal Rules of Criminal Procedure Rule 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15,16,17

15  Federal Rules of Criminal Procedure Rule 12. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

16  Federal Rules of Criminal Procedure Rule 16. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2,3,6

17  Federal Rules of Criminal Procedure Rule 26.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1,15

18  Federal Rules of Evidence Rule 404. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2,6

19  Federal Rules of Evidence Rule 608. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

20  Federal Rules of Evidence Rule 609. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2,4,6

21

22

23

24

25

26

27

28

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    REQUESTED DISCOVERY

The Defendant requests that this Honorable Court enter an Order requiring that the Government, pursuant to *United States v. Agurs*, *supra*, produce or provide an opportunity for the defendant to inspect any evidence, material or information within the possession, custody or control of the Government or, by the exercise of reasonable diligence, may be obtained by the Government, including any information in the possession of any investigative agencies, which (1) may be favorable to or exculpates the defendant in any way; (2) tends to establish a defense in whole or in part to the allegations in the indictment; (3) impeaches any witness the state intends to call; or (4) may help the defendant avoid conviction or mitigate punishment. *Id.* at 106.

The defendant's request for such information includes, but is not limited to, the following:

(1)    **The Defendants' Statements.**   Mr. Martinez requests disclosure of **all** copies of any written or recorded statement made by him; any written record containing the substance of any oral statements made by him and any written summaries of his oral statements contained in the handwritten or rough notes of the government agent; any response to any *Miranda* warnings which may have been given by him; any response by any of the defendants to interrogation; as well as any other statements by the defendants. Fed.R.Crim.P. 16(a)(1)(A). Mr. Martinez specifically requests all recordings of any wiretaps, body wires or any other recordings of statements made by him or any co-defendant;

(2)    **Arrest Reports, Notes and Dispatch Tapes.** Mr. Martinez also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes, and records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents

1

which contain statements of the defendants or any other discoverable material. Fed.R.Crim.P. 26.2 and 12(I).

(3)     **Criminal Record.**  Evidence of criminal record is available under Fed.R.Crim.P 16(a)(1)(B) and Fed.R.Evid. 404(b) and 609; Mr. Martinez requests all his rap sheets and any other evidence discoverable under these rules. Mr. Martinez requests all evidence, and information pertaining to any arrests and convictions or bad acts he has suffered or known of by the government. He makes an identical request for all pertinent records of all co-defendants, former co-defendants and government witnesses including informants;

(4)     **Evidence Seized.**  Mr. Martinez requests production of evidence seized as a result of any search, either with or without a warrant. Fed.R.Crim.P. 16(a)(1)(c);

(5)     **Tangible Objects**. Mr. Martinez requests the opportunity to inspect and copy as well as test, if necessary, all documents and tangible objects, including photographs, books, papers, documents, alleged narcotics or narcotics related items, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or where obtained from or belong to the defendant. Fed.R.Crim.P. 16(a)(1)(c);

(6)     **Request for Preservation of Evidence.**  Mr. Martinez specifically requests the preservation of all dispatch recordings, inter-officer communication recordings, agents' rough notes, any documents any other physical evidence that may be destroyed, lost, or otherwise put out of possession, custody or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to seized weapons, alleged contraband and vehicles, the results of any fingerprint analysis, Mr. Martinez's personal effects, and any evidence seized from the defendant or any other party;

(7)     **Reports of Examination and Tests.**  Mr. Martinez requests the opportunity to inspect and copy any reports of physical and mental examinations and any scientific tests which are material to the preparation of the defense or intended for use in the government's case-in-chief. Fed.R.Crim.P. 16(a)(1)(D);

(8)   **Expert Witnesses.**  Mr. Martinez requests the name, qualifications, and written summary of the opinion/testimony and bases thereon of any person that the government intends to call as an expert witness. Fed.R.Crim.P. 16(a)(I)(E);

(9)   **Brady Material.**  Mr. Martinez requests all documents, statements, agents' reports**,** and tangible evidence favorable to the defendant on the issue of guilt, which affects the credibility of the government's case, or which may result in a lower sentence under the United States Sentencing Guidelines. Under *Brady*, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. *United States v. Bagely,* 437 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976);

(10)   **Giglio Information.**  Mr. Martinez requests all statements and/or promises, express or implied, made to any government witnesses in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses. *Giglio v. United States*, 405 U.S. 150 (1972);

(11)   **Informants and Cooperating Witnesses.**  Mr. Martinez requests disclosure of the name(s), address(es), criminal record and location(s) of all informants or cooperating witnesses used or potentially to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged. *Rovario v. United States*, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from the informants which exculpates or tends to exculpate the defendant. *Brady v. Maryland*, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. *Id*. Mr. Martinez also requests that the government disgorge any information in its possession regarding other parties culpable in this matter as the individuals are highly relevant and material to Mr. Martinez's defense;

With respect to any informant or witness named in the discovery, and as to any other informer not yet made known to the defense, Mr. Martinez requests disclosure of the following impeachment information.  *See United States v. Bernal-Obeso*, 989 F.2d 331, 335 (9th Cir.

3

1993).

(a)      Any and all records and information revealing prior felony convictions, convictions for crime involving false statements or dishonesty, or juvenile adjudications attributed to the informant, including but not limited to relevant "rap sheets." *See United States v. Alvarez-Lopez,* 559 F.2d 1155 (9th Cir. 1977); *see also United States v. Henthorn*, 931 F.2d 29, 30 (9th Cir. 1991); Fed.R.Evid. 609.

(b)      Any and all records and information revealing prior misconduct or bad acts attributed to the informant, including, but not limited to, any attributable acts of misconduct.  Fed.R.Evid. 608(b).

(c)      Any and all consideration or promises of consideration given to the informant or expected or hoped for by them.  By "consideration," Mr. Martinez refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to them or to persons of concern to them. This request includes, but is not limited to formal or informal, and direct or indirect, leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, Internal Revenue Service, Court of Claims, administrative, or other dispute with the United States.  *See, e.g., Territory of Guam v. Dela Rosa*, 644 F.2d 1257, 1259-60 (9th Cir. 1981)(citing error in failure to give instructions regarding credibility of witness' testimony secured by promise not to prosecute in exchange for cooperation); *see also United States v. Holmes,* 229 F.3d 782, 786 (9th Cir. 2000).

"Consideration" also encompasses any favorable treatment or recommendations with respect to criminal, civil or tax immunity grants, relief from forfeiture, payments of money, permission to keep fruits of criminal activity including cash, vehicles, aircraft, rewards or fees, witness fees and special witness fees, provisions of food, clothing, shelter, transportation, legal services or other benefits, placement in a "witness protection program," and anything else that arguably could reveal an interest, motive, or bias in them in favor of the government or against the defense, or which could act as an inducement to testify or color testimony.  *See United*

*States v. Bagley,* 473 U.S. 667, 676-77 91985); *see also United States v. Shaffer*, 789 F.2d 682, 688 (9th Cir. 1986); *United States v. Mayer*, 556 F.2d 245, 248 (5th Cir. 1977); *United States v. Garza*, 574 F.2d 298, 301-02 (5th Cir. 1978); *cf. Holmes*, 229 F.3d at 786 (holding that jury instruction to view informant's testimony with caution is warranted whenever a witness receives benefits for providing information to the government); *Dela Rosa,* 644 f.2d 1260 (same).

(d)     Any and all threats, express or implied, direct or indirect, or other coercion made or directed against the informant, criminal prosecutions, investigation, or potential prosecutions pending, or which could be brought against them; any probationary, parole deferred prosecution, or custodial status of the witness and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the government or over which the government has a real, apparent, or perceived influence. *See Davis v. Alaska*, 415 U.S. 308, 317-18 (1974); *See also United States v. Alvarez-Lopez*, 559 F.2d 1155, 1158-59 (9th Cir. 1977); *United States v. Sutton*, 542 F.2d 1239, 1241-42 (4th Cir. 1976).

(e)     The existence and identification of each occasion on which the informant has testified before the court, grand jury, or other tribunal or body in connection with this or other similar cases.  *See Johnson v. Brewer*, 521 F.2d 556, 562-63 (8th Cir. 1975).

(f)     Any and all records and information which arguably or are otherwise helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the government's evidence or which arguably could lead to such records or such information.  This request includes any evidence tending to show the narcotic habits of the informant at the time of relevant events. *See, e.g., United States v. Bernard*, 625 F.2d 854, 858-59 (9th Cir. 1980); *see Dela Rosa*, 644 F.2d at 1260.  This request also includes any evidence indicating the informant's personal dislike or hostility toward the defendant.  *See United States v. Weiss*, 930 F.2d 185, 197 (2d Cir. 1991); *See also United States v. Haggett*, 438 F.2d 396 (2d Cir. 1971).

(g)     The names and case numbers of any and all other criminal cases, state or federal, in which the informant has been involved either as informant or as defendant. Any prior criminal conduct on the part of the informant or as a defendant is relevant in establishing a possible defense of entrapment.

Mr. Martinez makes these multiple requests because, in order to properly prepare a defense in this matter, it is important that the defense be aware of all information related to the informants' credibility and background.  *See Giglio v. United States*, 405 U.S. 150 (1972); *see also United States v. Bay*, 731 F.2d 1361, 1364 (9th Cir. 1984).

(12)     **Jencks Act Material.**  Mr. Martinez requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to 18 U.S.C. §3500. Advance production will avoid the possibility of delay at the request of the defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963). In *United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act;

(13)     **Any Potential 404(b)/609 Evidence**.  Mr. Martinez requests prior notice of any other crimes or bad acts that the government intends to introduce, whether in its case in chief, for impeachment or rebuttal.  Fed.R.Crim.P 16(a)(1)(c); Fed.R.Evid. 404(b) and 609(b). Mr. Martinez requests such notice at least one month before trial in order to give the defense time to investigate and prepare for trial;

(14)     **Any Information That May Result In Lower Sentence Under the Guidelines.**  As discussed above, this information is discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any

6

information relevant to a Chapter Three adjustment, a determination of the defendant's

criminal history, or any other application of the Guidelines;

(15)   **Evidence of Bias or Motive to Lie**.   Mr. Martinez requests any evidence that

any prospective government witness, including a cooperating defendant, is biased or prejudiced

against the defendant, or has a motive to falsify or distort her testimony.  *Pennsylvania v.

Ritchie*, 480 U.S. 39 (1987); *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988).

(16)   **Impeachment Evidence.**   Mr. Martinez requests any evidence that any

prospective government witnesses has engaged in any criminal act whether or not resulting in a

conviction and whether any witness has made a statement favorable to the defendant.  *See*

Fed.R.Evid. 608, 609 and 613. Such evidence is discoverable under *Brady v. Maryland, supra.

See United States v. Strifler,* 851 F.2d 1197 (9th cir. 1988)(witness' prior record); *Thomas v.

United States*, 343 F.2d 49 (9th Cir. 1965)(evidence that detracts from a witness' credibility);

(17)   **Evidence of Criminal Investigation of Any Government Witness.**  Mr.

Martinez requests any evidence that any prospective witness is under investigation by federal,

state, or local authorities or any criminal conduct. *United States v. Chitty*, 760 F.2d 425 (2d

Cir) *cert. denied,* 474 U.S. 945 (1985);

(18)   **Evidence Affecting Perception, Recollection, Ability to Communicate, or

Truth Telling.**  Mr. Martinez requests any evidence, including any medical or psychiatric

report or evaluation, tending to show that any prospective witness' ability to perceive,

remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever

used narcotics or other controlled substance, or has ever been alcoholic.   *United States v.

Strifler,* 851 F.2d 1197 (9th Cir. 1988). *Chavis v. North Carolina,* 637 F.2d 213, 224 (4th Cir.

1980).

(19)   **Witness Addresses.**  Mr. Martinez requests the name and last known address of

each prospective government witness. *See United States v. Napue*, 834 F.2d 1131 (7th Cir.

1987); *United States v. Tucker*, 716 F.2d 576 (9th Cir. 1979) (defense has equal right to talk to

witnesses).  The defendant also requests the name and last known address of every witness to

the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.  *United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984);

(20)   **Name of Witnesses Favorable to the Defendant.**   Mr. Martinez requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged.  *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina,* 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago,* 575 F.2d 1164, 1168 (6th Cir.), *cert. denied*, 439 U.S. 883 (1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979); *cert. denied*, 444 U.S. 1086 (1980);

(21)   **Statements Relevant to the Defense.**  Mr. Martinez requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. *United States v. Bailleux*, 685 F.2d 1105 (9th Cir. 1982);

(22)   **Personnel Records of Government Officers Involved in the Investigation.** Mr. Martinez requests all citizen complaints and other related internal affairs documents involving any of the undercover officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of him, pursuant to *Pitchess v. Superior Court*, 11 Cal.3d 531, 539 (1974);

(23)   **Prosecutor's Duty to Inspect Agent's Files.**  Mr. Martinez requests that the court order the prosecutor to personally review the personnel files of the agents involved;

(24)   **Release of Evidence for Defense Testing.**  Mr. Martinez requests that the government release to his designated expert all items seized so the at the defense may conduct independent testing of the items;

(25)   **Subpoena, Intercept and Warrant Information and Evidence.**  Mr. Martinez requests a copy of all electronic interception orders, search warrants and subpoenas (whether state or federal, whether written or telephonic, and including recordings or transcripts of telephonic applications), and related applications for electronic interceptions, subpoenas and

warrants, their affidavits, attachments, and inventories related to this case. He also requests

copies of all documents provided to or seized by the government pursuant to such court-

authorized orders.  He requests copies of all recordings made by the government made pursuant

to warrant or order as well as line-sheets and any other documentation of such recordings;

(26)   **Grand Jury Materials**.  Mr. Martinez requests the production of all grand jury

testimony and materials subpoenaed by the grand jury. This request includes, but is not limited

to grand jury testimony of law enforcement investigators, undercover law enforcement officers

and confidential informants and exhibits received by the grand jury on this case.

(27)   **Residual Discovery/All Other Relevant Materials.**  Mr. Martinez intends for

this motion to cover the full extent of discoverable material.  He therefore requests that the

government be required to disgorge all other discovery material which he otherwise has failed

to request.

## II.   LEGAL ARGUMENT

### A.   Government Has An Obligation To Disclose All Exculpatory Evidence Whether Or Not The Information Is In Its Possession.

The Supreme Court of the United States in *Kyles v. Whitley*, 514 U.S. 419,  115 S.Ct.

1555, 131 L.Ed.2d 490 (1995), has placed the burden of producing exculpatory evidence

squarely on the prosecution, whether or not that information is contained within the

prosecution's files.

> This in turn means that the individual Government has a duty
> to learn of any favorable evidence known to the others acting
> on the government's behalf in the case, including the police . . .
> [T]he prosecution's responsibility for failing to disclose known,
> favorable evidence rising to a material level of importance is
> inescapable. *Id.* at 437-438, 115 S.Ct.at 1567-1568.

The Government must be concerned with the essential fairness of a criminal

prosecution, thereby disclosing information about which the Government might be in some

doubt. "This means, naturally, that a Government anxious about tacking too close to the wind

will disclose a favorable piece of evidence." *Id.* at 168. "The prudent prosecutor will resolve doubtful questions in favor of disclosure." *United States v. Agurs*, 427 U.S. at 108, 96 S.Ct. @ 2399-2400.

Suppression of such material and relevant information will effectively deprive the defendant of his ability to prepare an adequate defense and failure or refusal by the Government to produce the requested information constitutes deprivation of due process of law. *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Bagley*, 473 U.S. 667 (1985), *Giglio v. U.S.*, 405 U.S. 150 (1972), *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d (1995). Such disclosure will serve to justify trust in the prosecution as "the representative...of a sovereignty...whose interest in a criminal prosecution is not that it will win a case, but that justice shall be done." *Berger v. U.S.*, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935).

**B.    The Constitution Requires Disclosure of Favorable Evidence Including Information Regarding Witnesses To Be Used Against The Defendant.**

The Due process Clause of the Fifth Amendment to the Constitution guarantees defendants the right of disclosure of evidence favorable to an accused. *Brady v. Maryland*, *supra.* Furthermore, the Confrontation Clause of the Sixth Amendment to the Constitution guarantees Mr. Martinez the right to confront the witnesses against him. The right to cross-examination promotes reliability in the truth-finding functions of a criminal trial. *Kentucky v. Stincer*, 482 U.S. 730, 734 (1987).

In *Davis v. Alaska*, 415 U.S. 308 (1974), the defense counsel was prohibited by state confidentiality statutes from questioning a witness about his juvenile criminal record, although such evidence might have affected the witness' credibility. The defendants sought to introduce evidence of the witness' probability status for the purpose of suggesting that the witness was biased and his testimony was either not to be believed or to be carefully evaluated. The Supreme Court held:

> In this setting we conclude that the right of confrontation is paramount to the State's policy of protecting a juvenile offender. Whatever temporary embarrassment might

result to Green or his family by disclosure of his juvenile record–if the prosecution insisted on using him to make its case–is outweighed by Petitioner's right to probe into the influence of possible bias in the testimony of a crucial identification witness. *Id*. at 319.

Likewise, in *Alford v. U.S.*, 282 U.S. 687 (1931), the defense intended to impeach a witness by showing that the witness' testimony was biased and it was "given under the promise or expectation of immunity or under the coercive effect of his incarceration" by the federal government. (Cite)  In *Alford*, the Supreme Court rejected the argument that the witness had a right to be protected from exposure of his criminal record:

> [N]o obligation is imposed on the court, such as that suggested below, to protect a witness from being discredited on cross examination, short of an attempted invasion of his constitutional protection from self incrimination, properly invoked.  There is a duty to protect him from questions which go beyond the bounds of proper cross-examination merely to harass, annoy or humiliate him.

*Id*.  at 694.

In *Brady*, the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment..." *U.S. v. Lehman*, 792 F.2d 899, 911 (9th Cir. 1986) *citing Brady v. Maryland*, 373 U.S. at 87.   It is well settled that suppression of material evidence requires reversal where there is "any reasonable possibility that the suppressed evidence would have materially affected the verdict." *U.S. v. Lehman*, 792 F.2d at 912, *citing U.S. v. Goldberg*, 582 F.2d 483, 488-89 (9th Cir. 1978).

While the *Brady* doctrine does not require the Government to open its files to assist the defense, it does provide a very important constitutional safeguard to defendants and its mandate may not be disregarded, even in good faith.  The nature of the information requested by Mr. Martinez in no way hinders or prejudices the Government, since Mr. Martinez is merely requesting disclosure of information tending to establish his innocence and the identity of persons, statements and documents in the Government's possession which likely will not be introduced into evidence by the Government.  The large and efficient forces of investigation available to the Government in locating and interviewing persons are not available to Mr. Martinez.

The issue of whether the Government possesses evidence which may be useful to the Defendant should not be determined by the Government.  "In our adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant facts."  *Dennis v. U.S.*, 384 U.S. 855, 873 (1966).  "The determination of what may be useful to defense can properly and effectively be made only by an advocate."  *Id.*, at 875.

The proffer of an accomplice witness that led to a leniency agreement and information which reveals the negotiation pursuant to which that agreement was reached might reasonably be considered favorable to the defendant's case.   Any information which may reveal any variations in the proffered testimony of an accomplice witness testifying pursuant to a leniency agreement is relevant to the witness' credibility and therefore must be disclosed under *Brady*. In addition, any information that reveals the nature of the negotiation process that led to the leniency agreement is relevant to the witness' motives to testify and must be disclosed under *Giglio*.   *United States v. Sudikoff*, 36 F. Supp.2d 1196, 1204-05 (C.D. CA 1999).

Therefore, if the Government, in pursuit of its investigation of this case, has uncovered the names of persons who may not be useful to the prosecution, but may be useful to the defense, it would be only fair and just that those names be made available to defendant.  *See U.S. ex rel. Meers v. Wilkins*, 326 F.2d 135 (2d Cir. 1964). This holds true for all documents or other evidence that, although not used by the government, may be helpful to the defense and, therefore, produced.

### C.   This Court Should Order The Government To Reveal the Identity Of The Confidential Informants And To Disclose To The Defense Counsel Other Pertinent Information Regarding The Informant.

It is well established that an informant's identity must be disclosed when an informant's testimony is "relevant and helpful to the defense of the accused." *Rovario v. United States*, 353 U.S. 53, 60-61 (1957).  *Rovario* established no fixed rule with respect to the disclosure of a confidential informant.  *See Id.* at 62.  Rather a trial court must weigh the "particular circumstances" of the case at hand, including the crime charged, the existence of possible

defenses to the crime charged, and the potential significance of the informer's testimony.  *Id.* at 62.

> **1.  If the Informant was a percipient witness to, or actively participated in, the negotiations and transactions leading to the commission of the alleged crime, the identity of the informant must be revealed.**

In this case, the testimony of the informant is vital to the defense. The informant in this case may have information relevant to issues of entrapment, imperfect entrapment, and sentencing entrapment. The informant's testimony is vital even if the government chooses not to call him/her as a witness, since the defense may subpoena the informant to present its case-in-chief. *See Lopez-Hernandez v. United States,* 394 F.2d 820, 821 (9th Cir. 1968); *see also Velarede-Villarreal v. United States*, 354 F.2d 9, 15 (9th Cir. 1965)(Ely, Circuit Justice, concurring and dissenting)(concluding that disclosure of the informant would have permitted the defense counsel to raise the defense of entrapment and that the trial court's failure to order disclosure constituted error).  Therefore, this Court should order the government to disclose the informant's identity.

> **2.  The government must produce the confidential informant prior to trial for defense counsel's interview of the informant.**

The government's obligation is not fully satisfied by merely disclosing the identity and location of the confidential informants.  Rather, Mr. Martinez specifically requests that the government produce the confidential informants prior to trial.  The government "must use reasonable efforts to produce a government informant whose presence has been properly requested by the defendant." *United States v. Hart*, 546 F.2d 798, 799 (9th Cir. 1976). The government must demonstrate that it used reasonable efforts to produce the informant. *See United States v. Montgomery*, 998 F.2d 1468, 1473 (9th Cir. 1993).

Mr. Martinez respectfully requests that the Court permit defense counsel to question the informants before trial. Mr. Martinez does not know the full name of the confidential informants or his/her locations. Therefore, this Court should permit full disclosure of the identity and location of the informants so that defense counsel may interview the informant and thus conduct a full investigation of his credibility and his/her background. *See United States v.*

*Hernandez*, 608 F.2d 741, 744 (9th Cir. 1979).

In *Callahan v. United States*, 371 F.2d 658 (9th Cir. 1967), the court held that both the defense and the prosecution had the right to interview witnesses before trial. It is beyond dispute that witnesses to a crime are the property of neither the prosecution nor the defense, and that both sides share an equal right and equal opportunity to interview them.

For the reasons cited above, it is clear that the informants in this case are material witnesses. The government is required to disclose the identity of all material witnesses and their whereabouts, and to make them available for preparation of the defense at trial.

### 3.   *In Camera* Hearing

This Court has considerable discretion in deciding whether an *in camera* hearing is necessary in determining when the government must release the informants' names and whereabouts to the defense.  *See, e.g., United States v. Orondez,* 722 F.2d 530, 540-41 (9th Cir. 1983); *see also United States v. Rawlinson*, 487 F.2d 5, 7-8 (9th Cir. 1973).  In *Rawlinson*, the court held that an *in camera* hearing was an appropriate means for determining whether the informant's identity and testimony would be relevant and helpful to the defense.  The *in camera* hearing is a "favored procedure," triggered by a "'minimal threshold showing' that disclosure would be relevant to at least one defense."  *United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2000).  While the court in *United States v. Anderson* refused to establish a fixed rule that requires disclosure of an informant's identity when probable cause is at issue, it did approve the holding of an *in camera* hearing to which the defense counsel, not the defendant, is admitted.  509 F.2d 724, 729-30 (9th Cir. 1974).

In *Ordonez,* the court stated that "[t]o insure that the informer is subjected to a vigorous or searching examination, some trial courts have permitted the defense counsel to submit a set of questions to be propounded by the court."  *Ordonez*, 722 F.2d at 541 (other internal citations omitted).  The court held that the "procedure selected by the trial court could prove a substantial equivalent to the rights available to a criminal defendant under the fifth and sixth amendment[s]."  *Id*. at 540-41.

14

1   Thus, the identity of the informant should be revealed well in advance of trial, or in the

2   alternative, this Court should conduct an *in camera* hearing to allow defense counsel to

3   participate in order to determine whether the informant's testimony is helpful and material to

4   the defense.

5   Mr. Martinez requests the opportunity to interview the government informants

6   sufficiently in advance of trial so that any further investigation that may be necessary may be

7   accomplished without interrupting the trial itself.

8   **4.      Mr. Martinez is entitled to information regarding the confidential**
           **informant.**

9

10  Cross examination of the confidential informant may be a critical part of Mr.

11  Martinez's defense, or at his sentencing.  This cross-examination must be complete and

12  thorough in order to protect Mr. Martinez's rights.  *See Washington v. Texas*, 388 U.S. 14

13  (1967).  In order to properly cross-examine the informant, the defense must be aware of all

14  information relating to the informants' credibility, including any biases, prejudices or motives,

15  as well as the substantive evidence in the informants' possession regarding entrapment,

16  imperfect entrapment, or sentencing entrapment.  The inherent unreliability of the testimony of

17  accomplices or government informants underscores the need for the complete disclosure of

18  information relating to their credibility.

19  **D.      Government Is Obliged To Produce To The Defense Grand Jury**
           **Testimony/Materials.**

20  The government is obliged to produce discovery in categories of evidence outlined in

21  Federal Rule of Criminal Procedure 16 and the attendant case law. In addition, pursuant to

22  *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, the government is obligated to produce

23  to the defense favorable evidence that is material on the issue of guilt, or material on the issue

24  of punishment.  Finally, under 18 U.S.C. §3500 and Fed.R.Crim.P. 26.2, the government must

25  produce any witness "statements" after the witness has testified on direct examination. Much of

26  the relevant evidence that would fall under the above categories is protected under the

27  government's obligation of secrecy under Fed.R.Crim.P. 6(e).

28

Rule 6(e)(3)(C)(ii), F.R.Crim.P., provides that grand jury transcripts may be disclosed "upon a showing that grounds may exist to dismiss the indictment because of matters occurring before the grand jury." A party seeking disclosure of the grand jury transcripts must demonstrate "a particularized need" for the disclosure. *Dennis v. U.S.,* 384 U.S. 855, 870 (1996); *U.S. v. Walczak,* 783 F.2d 852, 857 (9th Cir. 1986). "A trial judge should order disclosure of grand jury transcripts only when the party seeking them has demonstrated [that] a 'particularized need' exists which outweighs the policy of secrecy." *Pittsburg Plate Glass Co. v. U.S.,* 360 U.S. 395, 400(1959).

> The five factors for determining the need for secrecy in a given case are: (1) the need to prevent the escape of prospective indictees; (2) the need to insure freedom to the grand jury in its deliberations; (3) the need to prevent subornation of perjury and tampering with witnesses by targets of the investigation; (4) the need to encourage free disclosure by witnesses before the grand jury; and (5) the need to protect those exonerated by the grand jury from disclosure of the fact that they were under investigation.... [*In re Grand Jury Proceedings,* 62 F.3d 1175, 1180 n.2 (9th Cir. 1995)(citations omitted)].

Secrecy factors 1, 2, 3 and 5 are insignificant in this case because the grand jury investigations have been terminated and resulted in indictments. The fourth factor is still a consideration because the court is required to consider "not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 22 (1979). However, the need for continued secrecy here is decreased because the grand juries have been discharged upon returning the indictments instanter. *Douglas Oil,* 441 U.S. at 221-22; *U.S. Industries v. U.S. District Court,* 345 F.2d 18, 22 (9th Cir. ), *cert. denied,* 382 U.S. 814 (1965).

This forecloses the government from arguing that the need for secrecy shall prevent the disclosure of the grand jury transcripts. "One party's possession of grand jury transcripts necessarily favors disclosure to the opposing party as a matter of fairness and because there is a lesser interest in secrecy after the initial disclosure." *U.S. v. Fischbach and Moore, Inc.,* 776 F.2d 839, 844 (9th Cir. 1985).

The Third Circuit has clarified what will satisfy the "particularized need" standard for

purposes of Rule 6(e)(3)(c). It requires a showing of "substantial likelihood of gross or prejudicial irregularities in the grand jury proceedings." *U.S. v. Budzanoski*, 462 F.2d 443, 454 (3rd Cir.), *cert. denied,* 409 U.S. 949 (1972).

In this case, the evidence establishes a particularized need to support a motion to dismiss all or some of the charges in the instant indictment due to the fact Mr. Martinez was indicted under a name he has never used. The Indictment names Mr. Martinez as "Antonio Diaz." There are references to "Antonio Diaz" in the discovery, but no references to Mr. Martinez. Yet, all references in Mr. Martinez's entire criminal history reference Miguel Martinez, **NOT** Antonio Diaz. Therefore, it is more likely than not that the Grand Jury was told information about another individual that is not Miguel Martinez. Yet, Mr. Martinez was indicted because of this misinformation.

Accordingly, Mr. Martinez respectfully requests this Court enter an order directing the government to provide defense counsel with grand jury testimony and materials subpoenaed by the grand jury. This request includes, but is not limited to, grand jury testimony of law enforcement investigators, undercover law enforcement officers and confidential informants and exhibits received by the grand jury on this case.

/ / /

/ / /

/ / /

/ / /

17

1

## III.   CONCLUSION

2

Defendant, MIGUEL MARTINEZ , respectfully requests that this Court order the

3

above-requested disclosures of evidence and witnesses be made at least thirty (30) days before

4

trial subject to the continuing duty of the government to disclose such evidence.

5

DATED this 18th day of March, 2009.

6

Respectfully submitted,

7

McNICHOLAS LAW OFFICE, LLC

8

9

By: _____/s/_____

10

JOHN N. MCNICHOLAS, ESQ.
1415 East Elm Avenue

11

El Segundo, CA 90245
(310) 607-0381

12

Attorney for Defendant,
MIGUEL MARTINEZ

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28